**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

RECEIVED

APR 2 5 2005

AT 8:30 _____M
WILLIAM T. WALSH
CLERK

IN RE AT&T CORPORATION　　　　：
SECURITIES LITIGATION　　　　　：

_____ :

This Document Relates To:　　　　：

**ALL ACTIONS**　　　　　　　　：

_____ :

MDL Docket No. 1399

Civ. No. 00-5364 (GEB)

**CLASS ACTION**

RECEIVED

APR 2 5 2005

**FINAL JUDGMENT AND ORDER OF**
**DISMISSAL WITH PREJUDICE**

　　　This matter having come before the Court upon Lead Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation of Settlement Proceeds; and for the reasons set forth in the Memorandum Opinion filed herewith; and for good cause shown:

On the _22ND_ day of _APRIL_, 2005,

A hearing having been conducted by the Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement, dated as of October 25, 2004 (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Lead Plaintiffs and Members of the Class against the Defendants in the Consolidated Amended Class Action Complaint ("Complaint") now pending in this Court under the above caption, including whether the release of the Released Claims as to the Released Parties should be approved; (2) whether judgment should be entered dismissing the Complaint on the merits and with prejudice in favor of the Defendants and as against all persons or entities who are Members of the Class; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the proceeds of the Settlement among the Members of the Class; (4) whether and in what amount to award counsel for the Class fees and reimbursement of expenses; and (5) whether and in what amount to award Lead Plaintiffs/class representatives reimbursement for their time and expenses incurred in prosecution of the Action;

The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that notice substantially in the form approved by the Court was mailed to all persons or entities reasonably identifiable, who purchased the common stock of AT&T Corporation ("AT&T" or the "Company") during the period from December 6, 1999 through May 1, 2000, inclusive (the "Class Period") (except

- 1 -

those persons or entities excluded from the definition of the Class), to the extent shown by the records of AT&T or its transfer agent or otherwise, at the addresses set forth in such records or otherwise; and that a summary notice of the hearing substantially in the form approved by the Court was published in the national edition of *Investor's Business Daily* and posted on the Internet pursuant to the specifications of the Court; and

The Court having considered and determined that the proposed Settlement is fair, reasonable and adequate.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.    The Stipulation, including the definitions contained therein, except for the definition of Released Claims, is incorporated by reference in this Final Judgment.

2.    "Released Claims" means any and all claims, liabilities, demands, causes of action, or lawsuits, known or unknown (including Unknown Claims), whether legal, statutory, equitable or of any other type or form, whether under federal or state law, and whether brought in an individual, representative or any other capacity, that relate to or arise out of or in connection with the purchase or sale of AT&T common stock (ticker symbol: T) during the Class Period, including, but not limited to, any event, act, statement or omission occurring during the Class Period in connection with such sales or purchases that has been alleged or asserted in, or which could have been alleged or asserted in, the Action; *provided*, however, that Released Claims does not include: (1) any claims that are being alleged by purchasers of the AT&T Wireless

- 2 -

Tracking Stock (ticker symbol: AWE) in their capacity as such in the pending consolidated class action brought on behalf of such purchasers, Civil Action No. 01-1883 (GEB) and (2)(i) the ERISA claims that have been asserted in the pending action entitled *Furstenau v. AT&T Corp., et al.*, No. 02-CV-5409 (D.N.J.) ("*Furstenau* Action"), on behalf of the AT&T Long Term Savings Plan for Management Employees ("Plan") or members of the certified class of Plan participants ("Participants"); and (ii) ERISA claims, if any, that have been asserted, or, if any remain that are not time-barred, may be asserted by the plan participants ("Other Plan Participants") or the trustee of the AT&T Savings Plan Master Trust ("Master Trust") on behalf of Other Plan Participants (collectively, "Other ERISA Claims or Actions") or any of the plans covered by the Master Trust other than the Plan (collectively, "Other Plans"), but any aggregate monetary recovery in the *Furstenau* Action and in such Other ERISA Claims or Actions, if any, shall be reduced by the portion of the Settlement Fund that is ultimately distributed, respectively, to the Plan or to Participants with respect to purchases they made through the Plan, or to the Other Plans or to Other Plan Participants with respect to purchases they made through the Other Plans, together with pro rata costs and attorneys' fees paid from the Settlement Fund.

3.      The Court has jurisdiction over the subject matter of the Action, the Lead Plaintiffs, all Class Members, and the Defendants and Former Defendants.

- 3 -

4.    Those persons or entities that previously timely and validly excluded themselves from the Class are listed on Exhibit 1 hereto.

5.    Notice of the pendency of this Action as a class action and notice of the proposed Settlement was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the pendency of the Action as a class action, and the form and method of notifying the Class of the terms and conditions of the proposed Settlement, met the requirements of Federal Rule of Civil Procedure 23, §21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto.

6.    The Stipulation is approved as fair, reasonable and adequate, and the Settling Parties are directed to consummate the Stipulation in accordance with its terms and conditions.

7.    The Action is hereby dismissed with prejudice in its entirety, and without costs.

8.    Upon the Settlement Effective Date, Lead Plaintiffs and all Members of the Class, and the heirs, executors, administrators, successors and assigns of any of them, are permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any and all of the Released

- 4 -

Claims against any of the Released Parties. The Released Claims of Lead Plaintiffs and all Class Members are hereby fully, finally and forever released, relinquished, and discharged as against any and all of the Released Parties by virtue of the proceedings herein and this Final Judgment, provided, however, that nothing herein is meant to bar any claim relating to performance or enforcement of the Stipulation or the Settlement.

9.    Upon the Settlement Effective Date, each of the Defendants and Former Defendants shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished and discharged the Lead Plaintiffs, each and all of the Class Members, and counsel for the Lead Plaintiffs from all claims arising out of the institution, conduct, settlement or resolution of the Action, provided, however, that nothing herein is meant to bar any claims relating to performance or enforcement of the Stipulation or the Settlement.

10.    Upon the Settlement Effective Date, each of the Lead Plaintiffs and Class Members shall also be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished and discharged Defendants, Former Defendants and their counsel from all claims arising out of the defense, conduct, settlement or resolution of the Action, provided, however, that nothing herein is meant to bar any claims relating to performance or enforcement of the Stipulation or the Settlement.

- 5 -

11.    Neither the Settlement nor the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a)    offered by a Settling Party or received against Defendants, Former Defendants or any other of the Released Parties or any of them as evidence or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Defendants, Former Defendants or other Released Parties of the truth of the facts alleged by Lead Plaintiffs or any Class Member or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault or wrongdoing of any of the Defendants, Former Defendants or other Released Parties;

(b)    offered by a Settling Party or received against the Defendants, Former Defendants or other Released Parties or any of them as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any of the Defendants, Former Defendants or any other Released Party; or

(c)    offered by a Settling Party or received against any of the Defendants, Former Defendants, or other Released Parties or any of them as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason against any of the

- 6 -

Settling Parties or Released Parties, in any civil, criminal or administrative action or proceeding; provided, however, that nothing contained in this paragraph shall prevent the Stipulation (or any agreement, order, or submission relating thereto, including Proofs of Claim and Releases) from being used, offered, or received in evidence in any proceeding to approve, enforce, or otherwise effectuate the Settlement or any of its provisions (or any agreement, order, or submission relating thereto, including Proofs of Claim and Releases) or the Final Judgment, or in which the reasonableness, fairness, or good-faith of Defendants in participating in the Settlement (or any agreement or order relating thereto) is in issue.

12.    Any further orders or proceedings solely regarding either the Plan of Allocation submitted by Plaintiffs' Lead Counsel or any attorneys' fees and expense applications shall in no way disturb or affect this Final Judgment and shall be separate and apart from this Final Judgment.

13.    Without affecting the finality of this Final Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest and expenses in the Action; and (d) the Settling Parties for purposes of construing, enforcing and administering the Stipulation.

14.    The Court finds that, at all times in connection with the institution, prosecution, defense and resolution of the Action, no Settling Party or Former Defendant, or their respective counsel, violated the provisions of Federal Rule of Civil Procedure 11.

15.    As set forth in the Stipulation, the Defendants and their counsel shall have no responsibility for, interest in, or liability whatsoever with respect to any act, omission or determination of the Escrow Agent, Settlement Administrator, Plaintiffs' Lead Counsel or any agent or designee of the Escrow Agent, Settlement Administrator or Plaintiffs' Lead Counsel in connection with the administration of the Settlement or distribution of the Net Settlement Fund.

16.    In accordance with and pursuant to the terms of 15 U.S.C. §78u-4(f)(7)(A), as of the Settlement Effective Date all future claims for contribution arising out of the Action are barred: (i) by any person against the Defendants or Former Defendants, and (ii) by Defendants or Former Defendants against any person other than other Released Parties, provided, however, that this bar is in no way intended to affect contractual or related claims by Defendants or Former Defendants against third parties for reimbursement of amounts paid in connection with the Action or the Settlement.

17.    Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

- 8 -

18.    In the event that the Settlement Effective Date does not occur, this Order and Final Judgment shall, with the exception of paragraph 10 hereof, automatically be rendered null and void and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void.

19.    Pending the occurrence of the Settlement Effective Date, no Member of the Class may, either directly, representatively, or in any other capacity, prosecute, institute, or commence any individual, class, or other action with respect to any of the Released Claims against any of the Released Parties.

DATED: _APRIL 22, 2005_    _____
THE HONORABLE GARRETT E. BROWN JR.
UNITED STATES DISTRICT JUDGE

S:\Settlement\AT_T4.Set\ORD-JUDGMENT-00017308.doc

- 9 -