# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| _____ | : | |
| | : | MDL Docket No. 1399 |
| **IN RE AT&T CORPORATION** | : | Civ. No. 00-5364 (GEB) |
| **SECURITIES LITIGATION** | : | |
| | : | |
| _____: | : | **MEMORANDUM OPINION** |
| | : | **AND ORDER** |
| This Document Relates To: | : | |
| | : | |
| **ALL ACTIONS** | : | |
| _____: | : | |

This matter comes before the Court upon a letter dated May 3, 2005 by Roy B. Thompson ("Counsel"), counsel for Objectors Donald and Jacquelynn Frame ("the Frames"), addressing this Court's Opinion that approved settlement in this class action lawsuit. Although Counsel states that it is not his "intention to take issue with [this Court's] opinion at this level," Counsel proceeds to do just that by objecting to the factual findings of this Court and requesting correction of claimed "factual errors in the opinion." (Thompson's Letter dated May 3, 2005). Counsel's characterization of the letter as something other than an objection is specious. Counsel clearly seeks to reargue matters that this Court already decided. Consequently, the Court will treat the letter as a motion for reconsideration under Local Civil Rule 7.1(i).[1]

The standard for reconsideration is high and reconsideration is to be granted only sparingly. *United States v. Jones,* 158 F.R.D. 309, 314 (D.N.J. 1994). The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion that merely raises disagreement with the Court's initial decision is not an appropriate reconsideration motion, but should be dealt with in the normal appellate process. *Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001) (citations omitted); *see also Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.,* 680 F. Supp. 159, 163 (D.N.J. 1988).

Counsel's motion is denied. First, the motion is procedurally defective. Counsel failed to comply with the Local Rules. Counsel, having been admitted *pro hace vice*, is vested with the

---

[1] On February 24, 2005, Local Civil Rule 7.1(g), which governed motions for reconsideration, was repealed. Now Local Civil Rule 7.1(i) governs motions for reconsideration. Despite the rule's reassignment to a different subsection of Rule 7.1, it remains substantively the same and is decided under the same stringent standard.

responsibility of complying with the Rules of this Court.[2]  Counsel faxed his letter to the Court on May 3, 2005.  However, in direct contravention to Rule 7.1(i), Counsel never "filed" the motion. If Counsel had adhered to this Rule, then Counsel would have to address the strict standard governing motions for reconsideration.  Further, faxing letters to the Court whenever Counsel feels so inclined is not acceptable.[3]  Correspondence with the Court shall be accomplished by or through Local Counsel pursuant to this Court's rules and accepted practices.

Second, Counsel's motion fails on the merits.  Counsel argues that the Court must clarify in footnote five of the Opinion since Counsel for the Frames never saw the fee agreement.  The Court disagrees and concludes that no such clarification is necessary.  Footnote five pertains to the fee agreement itself which this Court found to be 15% for any recovery up to $25,000,000, 20% for any recovery between $25,000,000 and $50,000,000, and 25% for any recovery over $50,000,000. Whether or not Counsel for the Frames actually saw the document memorializing the agreement is irrelevant.

Next, Counsel argues that the Court misquoted the Frames and "mis-cited" authority. (Thompson's Letter dated May 3, 2005).  This argument is meritless.  The quote appearing in footnote five is taken verbatim from the section entitled "Fee Agreement with Lead Plaintiff" of the Frames Reply Memorandum [Docket Entry # 339].  Additionally, Counsel contends that the Frames did not cite *In re Rite Aid Corp. Securities Litigation,* 396 F.3d 294 (3d Cir. 2005).  However, referring to the same section of that Reply Memorandum, the Frames clearly cited this case in support of its proposition that the fee award for Lead Counsel should be "smaller" than what is requested.  (Frames Reply Mem. at 2).  These arguments are therefore rejected.  Accordingly,

IT IS THIS   11th  day of May, 2005 hereby

ORDERED that Counsel's motion for  reconsideration is DENIED for the reasons set forth.



___s/ Garrett E. Brown, Jr._____
GARRETT E. BROWN, JR., U.S.D.J.

---

[2]  In addition to Mr. Thompson being admitted *pro hac vice*, the Court notes that Local Counsel for the Frames, Mr. Patrick J. Mullaney, also bears full responsibility for ensuring compliance with the Local Rules.  Counsel's past disregard for the Local Civil Rules should not be repeated.  Compliance with the Local Rules is mandatory.  Failure to abide by them may result in the imposition of sanctions.

[3]  The Court notes that this is Counsel's second communication to the Court via facsimile.  On March 1, 2005, Counsel sent a letter to the Court raising concerns about ethical violations allegedly committed by Lead Counsel of the Lerach firm.