Stephen Tsai (ST0270)
941 East Main Street
Bridgewater, New Jersey 08807
Telephone:     (732) 356-3000
Facsimile:     (732) 356-4070
Counsel for Objectors Marion Washburn,
   William A. Hoffman III, and Jacquelynn D.
   Frame and Donald Frame

Kenneth E. Nelson (Missouri Bar 31993)
Nelson Law Firm, P.C.
2900 City Center Square
1100 Main Street
Kansas City, Missouri 64105
Telephone:     (816) 421-7225
Facsimile:     (816) 421-3339
Co-counsel for Objector Marion Washburn

Edward F. Siegel
5910 Landerbrook Drive, #200
Cleveland OH 44124
Telephone:     (440) 544-1107
Facsimile:     (440) 446-1240
Co-counsel for Objector William A. Hoffman III

Roy B. Thompson
Thompson - Bogran, P.C.
15938 SW Quarry Rd., Suite B-6
Lake Oswego OR 97035
Telephone:     (503) 245-6600
Facsimile:     (503) 244-8399
Co-counsel for Objectors Jacquelynn D. Frame
   and Donald Frame

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re AT&T CORPORATION | ) | MDL Docket No. 1399 |
| SECURITIES LITIGATION | ) | Master File No. 3:00cv05364 |
| | ) | |
| | ) | JOINT APPLICATION BY |
| | ) | OBJECTORS' COUNSEL |
| | ) | FOR ATTORNEY FEES |
| | ) | |

COME NOW the undersigned counsel for Objectors Marion Washburn, William A. Hoffman III, and Jacquelynn D. Frame and Donald Frame and hereby submit the following application for attorney fees.

I.  SUMMARY OF REQUEST

For their efforts, expertise and expense, spent since December 2004, counsel for Objectors request this Court's Order directing payment by of $260,000 for fees and $10,000 for expenses. Their work included preparation of Objections, appearing at the Fairness Hearing, preparation of appellate briefs, appearing at oral argument, and all of the necessary related activity.

II.  PROCEDURAL BACKGROUND

This securities-fraud class action resulted in a settlement calling for $100,000,000 to be paid into a fund for class members, $21,250,000[1] to be paid as attorney's fees to class counsel, and nearly $6,000,000 to be paid as expense reimbursement to class counsel. Objectors filed objections and appeared at a Fairness Hearing on February 28, 2005 to show why the settlement could not be approved as submitted.

The Court entered an Order and Judgment on April 22, 2005, approving the settlement and the request for attorney's fees. Objectors appealed, filed consolidated briefs, and appeared at oral argument on April 24, 2006. An Opinion was filed on July 20, 2006, affirming the District Court's findings and judgment.

The Objectors were among only a few who filed objections, and they were the only persons to appeal. They provided the only opportunity to preserve the adversary process throughout the

---

[1] A multiplier of 1.28 was applied to the lodestar.

proceedings, thereby permitting the class, the District Court, and the Court of Appeals to benefit from an independent review which otherwise was unavailable after the settlement agreement was signed. Their presence, efforts and arguments enabled the District Court and the Court of Appeals to make independent examinations of the settlement, informed decisions, and clarifications of law on the points raised by Objectors. For these benefits provided by Objectors' counsel to the class, the process, and the Courts, and the public generally, counsel for Objectors must be compensated fairly.

III.     Objectors Provide Substantial Value to the Process.

The foregoing demonstrates the great value which Objectors provide to the class action process, a value which is well recognized.

    A.     Judge Chesler Welcomes Objectors.

Consider the comments by the Hon. Stanley R. Chesler at a Fairness Hearing on May 11, 2006, in Trenton, New Jersey, in In re Bristol-Myers Securities Litigation, Civil Action 00-1990 (SRC), directed at counsel for an objector:

> [W]hether or not plaintiffs' counsel or even these defendant's counsel welcomes you, the Court does. . . . Indeed, the role of objectors is an important and significant one. You're absolutely right. At this stage of the proceedings, it is only a party such as you who in fact bring[s] an adversarial approach to an important decision which the Court has to make and your reviewing this material and bringing your observations is a useful and, indeed, an important function which is served. . . . You are right. The Court does function in a fiduciary capacity but the Court needs independent observations to help it fulfill that role and, indeed, it's important that the Court make sure, both in approving settlements and in approving attorneys' fees, that the Court never lose sight of the fiduciary role which it indeed is obligated to perform.[2]

---

[2] Hearing transcript at pp. 33-34.

B.  Well-Established Law Recognizes Need for Objectors

For many years courts have recognized the importance of filing objections, and paying objectors' counsel to join the class-action process.

"It is desirable to have as broad a range of participants in the fairness hearing as possible because of the risk of collusion over attorneys' fees and the terms of settlement generally . . . . It is impossible for a class to select, retain or monitor its lawyers as an individual client would." Great Neck Capital Appreciation Inv. P=ship, L.P. v. PricewaterhouseCoopers, L.L.P., 212 F.R.D. 400, 412 (E.D. Wis. 2002). "Class counsel and defendants= counsel may reach a point where they are cooperating in an effort to consummate the settlement." Id. "Courts, too, are often inclined toward favoring the settlement, and the general atmosphere may become largely cooperative." Id.

"Thus, objectors serve as a highly useful vehicle for class members, for the court and for the public generally." Great Neck, 212 F.R.D. at 412. "From conflicting points of view come clearer thinking." Id. at 412-13. "Therefore, a lawyer for an objector who raises pertinent questions about the terms or effects, intended or unintended, of a proposed settlement renders an important service." Id. at 413.

The value of objectors is even acknowledged by attorney Melvyn Weiss, one of the nation's most well-known class action attorneys, of the firm now known as Milberg Weiss Bershad & Schulman LLP: "Objectors are part of the class action system and, though they may be irritating from time to time, the system's been working effectively.  If objectors can come in and negotiate a benefit, that's great.  I'm not going to criticize one of the safeguards [of the class action process].  The objectors act as a check and balance to the whole procedure."  See, "Objectors to class action settlements:  Watchdogs or scum of the earth?" by Joe Frey, Insure.com website, March 23, 2000.

"The law generally does not allow good Samaritans to claim a legally enforceable reward for their deeds." Reynolds v. Beneficial Nat. Bank, 288 F.3d 277, 288 (7th Cir. 2002) (Posner, C.J.). "But when professionals render valuable albeit not bargained-for services in circumstances in which high transaction costs prevent negotiation and voluntary agreement, the law does allow them to claim a reasonable professional fee from the recipient of their services." Id. "That is the situation of objectors to a class action settlement." Id.

Objectors' counsel have been recognized where their efforts have augmented the common fund or otherwise improved a class action settlement. See, e.g., Bowling v. Pfizer, Inc., 922 F.Supp. 1261, 1285 (S.D. Ohio), aff'd, 102 F.3d 777 (6th Cir. 1996); In re Domestic Air Transp. Antitrust Litig., 148 F.R.D. 257, 359-60 (N.D.Ga. 1993). Indeed, even in cases where objectors appeared but the settlement terms were not altered, courts have recognized their value in that their presence improved the process and assisted the court in its scrutiny of the settlement. See County of Suffolk v. Long Island Lighting Co., 907 F.2d 1295, 1325-27 (2d Cir. 1990); Howes v. Atkins, 668 F.Supp. 1021, 1027 (E.D.Ky. 1987); Frankenstein v. McCrory Corp., 425 F.Supp. 762, 767 (S.D.N.Y. 1977); see also Domestic Air, 148 F.R.D. at 359.

IV.     Lodestar, Multiplier and Percentage Affect Request.

Objectors' counsel have invested more than 607 hours at various hourly rates, for a total value of $238,381. They suggest a multiplier of 1.09% (less than the 1.28 multiplier enjoyed by class counsel,) which would bring the total fee to $260,000. An additional $10,000 must be reimbursed for expenses, bringing the requested amount to $270,000 -- which is only one (1%) percent the amount awarded to class counsel.

V.      Request is Reasonable Under the Circumstances.

Objectors' lesser, albeit critically important, role should be recognized in a fee which is far smaller than the fee approved for Class Counsel. About $27,000,000 was approved for Class Counsel's fees and expenses. If Objectors' fee were only 10% of that figure, they would recover $2,700,000 -- far more than is requested. Rather, Objections request only one per cent, about $270,000, which would include about $10,000 in actual out-of-pocket expenses. That figure is only about one-quarter of one percent (0.27%) of the $100,000,000 class settlement fund.

The figure is appropriate because it is such a tiny percentage, and it can withstand a cross-check against a lodestar, according to the recently prevailing practice. The lodestar can compare the actual amount of work performed to assure that the percentage is not too great. The process involves examining a summary of hours so the Court can avoid the tedious review of detailed time records. Then, if appropriate, the court can enhance it with a multiplier to recognize the risk of engaging in uncertain litigation, rather than merely determining a percentage of the fund.

The percentage of recovery in class litigation usually is in the range of 10% to 33% of the fund, so the 21.25% awarded in the instant case is within that range. In Vizcaino v. Microsoft, 290 F.3d 1043 (9th Cir. 2002) the court did a cross-check on the percentage of the recovery by looking at the lodestar and enhancing with a multiplier. The court appended to its opinion a survey of 34 cases involving common funds valued between $50 million and $200 million. The multiplier range is 1.0 to 19.0.

In In re Prudential Sales Practice Litigation, 148 F.3d 283 (3rd Cir. 1998), the court applied multiples ranging from 1 to 4, finding them reasonable and noting those multiples were awarded frequently in other cases.

Accordingly, a multiplier of three (3) is reasonable under all of the circumstances. A lodestar of $238,381, with a multiple of three (3) would yield $715,143. Yet Objectors are requesting less

about a third of that amount, only $260,000.

## VI.  Conclusion

Accordingly, Objectors' counsel hereby seek compensation for the valuable and crucially important services which have been provided in assisting this Court (and the Court of Appeals) with this complex matter, preserving the adversary process needed to test the settlement, identifying potential problems with the settlement, presenting substantial and workable solutions, and clarifying the law on the points raised by Objectors. Regardless of whether the Court ultimately agreed with the Objectors, or adopted the Objectors' recommendations, or to reject Objectors' arguments, the settlement was tested independently, and the Court was able to make a fully informed decision about whether to approve the settlement and award fees. The benefit to the class, the Court and the public is in knowing that the settlement was not considered in a vacuum, absent an aggressive challenge to assure that the settlement should be approved.

In fairness, Objectors' counsel should be compensated for their considerable effort, expertise and expense. So, to refuse compensation would be unfair. But, even more importantly, refusal to compensate would discourage, perhaps prevent, the critical independent review of class actions which courts and the public need to maintain confidence in the integrity of the class-action process.

WHEREFORE, Counsel for Objectors respectfully request that this Court:

1. Approve this Joint Application for Fees and Expenses, and

2. Direct the parties to pay forthwith to counsel for Objectors the sums of $260,000 for fees and $10,000 for expenses, and

3. Award such other and further relief, and make such other Orders, as the Court deems fair, just and appropriate.

Respectfully submitted,

_____/s/_____
Stephen Tsai (ST0270)
941 East Main Street
Bridgewater, New Jersey 08807
Telephone:     (732) 356-3000
Facsimile:     (732) 356-4070
Counsel for Objectors
Marion Washburn, William A.
Hoffman III, and Jacquelynn
D. Frame and Donald Frame

Kenneth E. Nelson (Mo. Bar 31993)
Nelson Law Firm, P.C.
2900 City Center Square
1100 Main Street
Kansas City, Missouri 64105
Telephone:     (816) 421-7225
Facsimile:     (816) 421-3339
Co-counsel for Objector Marion Washburn

Edward F. Siegel
5910 Landerbrook Drive, #200
Cleveland OH 44124
Telephone:     (440) 544-1107
Facsimile:     (440) 446-1240
Co-counsel for Objector William A. Hoffman III

Roy B. Thompson
Thompson - Bogran, P.C.
15938 SW Quarry Rd., Suite B-6
Lake Oswego OR 97035
Telephone:     (503) 245-6600
Facsimile:     (503) 244-8399
Co-counsel for Objector Jacquelynn D. Frame and
   Donald Frame

## CERTIFICATE OF SERVICE

This is to certify that on _____, 2006 I sent the foregoing to:

Keith F. Park
Arthur C. Leahy

Michael J. Dowd
Bruce D. Greenberg
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
401 B Street, Suite 1700
San Diego, CA   92101

Lead Counsel for Plaintiffs

by
   __   regular mail
   __   overnight delivery
   __   hand-delivery
   __   electronic means

and to:

Charles W. Douglas
David F. Graham
Sidley Austin Brown & Wood LLP
10 South Dearborn Street
Chicago, IL   60603

Counsel for Defendants

by
   __   regular mail
   __   overnight delivery
   __   hand-delivery
   __   electronic means

     _____/s/_____
     Stephen Tsai

Summary of Time and Expenses

| Timekeeper | Hours | Rate | Total | Sub-Total |
|---|---|---|---|---|
| Roy Thompson | 97.8 | $450.00 | $44,010 | |
| Amy Bogran | 19.9 | $390.00 | $ 7,761 | |
| Erik Peterson | 119.5 | $119.50 | $26,290 | |
| Rhyen Coombs | 2.4 | $100.00 | $   240 | |
| Total Thompson-Bogran | | | | $   78,301 |
| | | | | |
| Kenneth E. Nelson | 149.7 | $450.00 | $67,365 | |
| Lisa B. Reinier | 14.0 | $ 75.00 | $ 1,050 | |
| Total Nelson Law Firm, P.C. | | | | $   68,415 |
| | | | | |
| Edward Siegel | 173.5 | $450.00 | $78,075 | |
| Total Edward Siegel | | | | $   78,075 |
| | | | | |
| Stephen Tsai | 30.2 | $450.00 | $13,590 | |
| Total Stephen Tsai | | | | $   13,590 |
| | | | | |
| Total fees | | | | $  238,381 |

Expenses

| | |
|---|---|
| Thompson-Bogran | $ 3,143.96 |
| Nelson Law Firm, P.C. | $ 3,052.04 |
| Edward Siegel | $ 2,850.00 |
| Stephen Tsai | $   499.20 |
| Total Expenses | $ 9,545.20 |