NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| IN RE AT&T CORPORATION SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>**ALL ACTIONS** | MDL Docket No. 1399<br><br>Civ. No. 00-5364 (GEB)<br><br>**MEMORANDUM OPINION** |

**BROWN, Chief Judge**

This matter comes before the Court upon counsel for the objectors Marion Washburn, William A. Hoffman, III, Jacquelynn D. Frame, and Donald Frame's ("Objectors") application for attorneys' fees. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. The parties have fully briefed the motion, and the Court, having considered all the parties' submissions, hereby decides the matter without oral argument pursuant to Federal Rules of Civil Procedure Rule 78, and for the reasons set forth below, will deny the application by counsel for the Objectors ("Objectors' Counsel").

I.   BACKGROUND

After four years of vigorous litigation and two weeks of jury trial, the parties in this securities class action settled the case for $100 million ("Settlement"). On January 14, 2005, Plaintiffs filed motions for final approval of the Settlement and for attorneys' fees for Plaintiffs' lead counsel ("Lead Counsel"), both of which the Objectors challenged. On April 22, 2005, after

briefing and a fairness hearing, the Court approved the Settlement and granted Lead Counsel fees of 21.25% of the Settlement amount. In its decision, the Court overruled each of the objections made to the Settlement and to the requested attorneys' fees. Two of the Objectors moved for reconsideration of the April 22 decision, and on May 11, 2005, the Court denied that motion. (May 11, 2005 Order.)

On July 20, 2006, the Third Circuit Court of Appeals affirmed the Court's decision with respect to both the approval of the Settlement and the award of attorneys' fees to Lead Counsel. *In re AT&T Corp.*, 455 F.3d 160 (3d Cir. 2006). In doing so, the Court of Appeals rejected each of the Objectors' arguments presented on appeal. *See id.* at 170-75.

On August 1, 2006, Objectors' Counsel filed the present application for attorneys' fees. They seek fees for their work in objecting to the Settlement and to Lead Counsel's motion for fees, as well as their subsequent appeal of the Court's April 22, 2005 decision. Defendants and Plaintiffs both oppose their application.

As a preliminary matter, the Court notes that Defendants suggest, in their opposition brief, that Objectors' Counsel should be made to pay expenses and attorneys' fees pursuant to 28 U.S.C. § 1927. (Defs.' Br. at 12-14.) Defendants have not, however, filed a motion seeking such relief, and the Court will therefore consider only the application for fees filed by counsel for Objectors' Counsel.

## II.    DISCUSSION

"While '[a]n objector to a class action settlement is not generally entitled to an award of counsel fees,' objectors are entitled to compensation for attorneys' fees and expenses if the

2

settlement was improved as a result of their efforts." *In re Prudential Ins. Co. of Am. Sales Practices*, 273 F. Supp. 2d 563, 565 (D.N.J. 2003) (quoting *In re Domestic Air Transp. Antitrust Litig.*, 148 F.R.D. 297, 358 (N.D. Ga. 1993)).  For example, "[i]f objectors are successful in challenging an award of attorneys' fees to lead class counsel, their objections have conferred a benefit on the class." *Id.*  The Third Circuit Court of Appeals has observed that in evaluating fee requests from objectors' counsel, "the district court has 'broad discretion' in deciding what fees to award, based on its own evaluation of whether the objector 'assisted the court and enhanced the [class's] recovery.'" *In re Cendant Corp. Sec. Litig.*, 404 F.3d 173, 201 n.17 (3d Cir. 2005) (quoting *In re Cendant Corp. PRIDES Litig.*, 243 F.3d 722, 743 (3d Cir. 2001)).  The court further explained:

> [A] court can usually determine whether an objector has improved the class's recovery, and can often measure the amount of that improvement.  If the objection is meritorious, it will usually lead to an increase in the settlement, a reallocation of the award among different plaintiffs, or a decrease in the fees paid to lead counsel.  The court will thus be able to measure the dollar value of the objector's contribution to the class's net recovery.  Furthermore, because the objector makes his objection to the court, rather than merely negotiating with lead counsel, the court can easily evaluate not only the quality of the objector's work but also the impact it had on the court's ultimate decision.

*Id.*

Here, Objectors' Counsel fail to show that they improved the Class's recovery in any way.  The Court, in its April 22, 2005 decision, rejected each of the Objectors' challenges to the Settlement and to the award of attorneys' fees to Lead Counsel.  On May 11, 2005, the Court denied a motion for reconsideration filed by two of the Objectors.  On July 20, 2006, the Third Circuit Court of Appeals affirmed the Court's decision, and in doing so, rejected each of the Objectors' arguments on appeal.  *See In re AT&T*, 455 F.3d at 170-75.  The objections and the

subsequent appeal were without merit and failed to improve the Class's recovery in any manner. Instead, the Objectors' actions appear to have impeded the Class's recovery – their objections and subsequent appeal resulted in wasteful litigation and delayed the distribution of funds to the Class. To date, those funds have not yet been distributed.

### III. CONCLUSION

For these reasons, Objectors' Counsel's application for attorneys' fees is denied. An appropriate form of order is filed herewith.

Dated: September 25, 2006

                                            s/ Garrett E. Brown, Jr.
                                            GARRETT E. BROWN, JR., U.S.D.J.